Petrea STETCO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–72618.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2014.*

Filed May 12, 2014.

Edwin T. Gania, Skokie, IL, for Petitioner.

Marion Guyton, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior District Judge.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

MEMORANDUM ***

Petitioner, Petrea Stetco, is a Romanian citizen appealing the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. Petitioner claims that he was subject to persecution on the basis of his Pentecostal Christian faith and that he fears future persecution if returned to Romania. The agency found him not credible.

Adverse credibility determinations are reviewed for substantial evidence and will be upheld unless the evidence compels a different result. *He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003). In a pre-REAL ID Act case, any inconsistency supporting an adverse credibility determination must go to the heart of the claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

The heart of Petitioner's claim is that he was threatened and mistreated on account of his Pentecostal faith. His prior Canadian petition, however, inconsistently attributed the same threats and mistreatment to retaliation by the Romanian mafia and former employees that he had supervised. The inconsistency is sufficient to support the adverse credibility determination. There is no evidence compelling a different conclusion.

**DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.